IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOEL K. PRUITT, | § | |
|    *Plaintiff*, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 2:19-cv-00245 |
| | § | JURY |
| ZURICH AMERICAN INSURANCE | § | |
| COMPANY, | § | |
|    *Defendant*. | § | |

**FIDELITY AND DEPOSIT COMPANY OF MARYLAND'S (incorrectly sued as ZURICH AMERICAN INSURANCE COMPANY) NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant FIDELITY AND DEPOSIT COMPANY OF MARYLAND (incorrectly sued as ZURICH AMERICAN INSURANCE COMPANY) (hereinafter "Fidelity" or "Defendant") files this its Notice of Removal to the United States District Court for the Southern District of Texas, Corpus Christi Division, on the basis of diversity of citizenship, and amount in controversy, and respectfully shows the following:

### I.   PROCEDURAL BACKGROUND

1. On July 22, 2019, Plaintiff Joel K. Pruitt ("Pruitt" or "Plaintiff") filed his Original Petition in a case styled *Joel K. Pruitt v. Zurich American Insurance Company*, Cause No. 19-0215, pending in the 343rd Judicial District Court of Aransas County, Texas.

2. Defendant received a copy of the Plaintiff's Original Petition on July 26, 2019.

3. Defendant files this notice of removal within 30 days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. § 1446(b). This Notice of Removal is being filed within one year of the commencement of this action. S*ee id.*

1

4. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

5. Attached hereto are copies of the following documents:

- **Exhibit 1:** The state court's Docket Sheet;
- **Exhibit 2:** Plaintiff's Original Petition;
- **Exhibit 3:** Citation upon Zurich American Insurance Company;
- **Exhibit 4:** Defendant Fidelity and Deposit Company of Maryland's (incorrectly sued as Zurich American Insurance Company) Verified Original Answer;
- **Exhibit 5:** List of Parties and Counsel.

## II. BASES FOR REMOVAL

6. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A. Plaintiff and Fidelity are diverse.**

7. **Plaintiff** JOEL K. PRUITT is an individual residing in Aransas County, Texas.

8. **Defendant** FIDELITY AND DEPOSIT COMPANY OF MARYLAND (incorrectly sued as ZURICH AMERICAN INSURANCE COMPANY) is an Illinois corporation engaged in the insurance business with a statutory home office located at 1299 Zurich Way, Schaumburg, Illinois 60196 and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. Fidelity is authorized to transact business and has transacted business in Texas. Fidelity is therefore not a citizen of the State of Texas for diversity purposes.

9. This lawsuit is between citizens of different states, and there is complete diversity of citizenship between the Plaintiff and Fidelity.

**B.     The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.**

10.     In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

11.     This is a civil action in which the amount in controversy exceeds $75,000. Paragraph 54 of Plaintiff's petition indicates "Plaintiff states that monetary relief of over $200,000 but less than $1,000,000, in an amount to be determined by the jury, is being sought." Plaintiff alleges that Defendant is liable under an insurance policy because Plaintiff made a claim under that policy and allegedly Defendant wrongfully adjusted and underpaid Plaintiff's claim. The allegations in Plaintiff's petition indicate Plaintiff is seeking damages for purported breach of contract, Texas Insurance Code violations, Texas Deceptive Trade Practices Act violations, breach of the duty of good faith and fair dealing, statutory penalty interest, and attorney's fees. Though Defendant denies Plaintiff is entitled to the damages sought in Plaintiff's petition, the

petition demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements for federal diversity jurisdiction.

### III.    THIS REMOVAL IS PROCEDURALLY CORRECT

12.   Fidelity received service of this lawsuit on July 26, 2019.  Thus, is filing this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

13.   Venue is proper in this District and Division under 28 U.S.C. §1446(a) because i) this District and Division include the county in which the state action has been pending, and ii) a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

14.   Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

15.   Promptly after Fidelity files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

16.   Promptly after Fidelity files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Aransas County District Court pursuant to 28 U.S.C. §1446(d).

### IV.    CONCLUSION

17.   Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant FIDELITY AND DEPOSIT COMPANY OF MARYLAND (incorrectly sued as ZURICH AMERICAN INSURANCE COMPANY) removes this case to this Court for trial and determination.

Respectfully submitted,

By: */s/ George Arnold*
**George H. Arnold,** *Attorney-in-Charge*
State Bar No. 00783559
garnold@thompsoncoe.com
**Susan Sparks Usery**
State Bar No. 18880100
susery@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, LLP
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299

**ATTORNEYS FOR DEFENDANT FIDELITY AND DEPOSIT COMPANY OF MARYLAND (incorrectly sued as ZURICH AMERICAN INSURANCE COMPANY)**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of August, 2019, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

David M. Anderson
Stephen P. Carrigan
CARRIGAN & ANDERSON, PLLC
101 N. Shoreline Blvd., Ste. 420
Corpus Christi, TX 78401
anderson@ccatriallaw.com
scarrigan@ccatriallaw.com
*Attorneys for Plaintiff*

 */s/ George Arnold*
George H. Arnold