CAUSE NO. 19-0215 _____

| | | |
|---|---|---|
| **JOEL K. PRUITT** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **___ JUDICIAL DISTRICT** |
| | § | |
| **ZURICH AMERICAN** | § | |
| **INSURANCE COMPANY** | § | |
| **Defendants.** | § | **ARANSAS COUNTY, TEXAS** |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JOEL K. PRUITT ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of ZURICH AMERICAN INSURANCE COMPANY ("Defendant" or "ZURICH"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of its suit.

### PARTIES

2.  Plaintiff JOEL K. PRUITT is an individual residing in ARANSAS County, Texas.

**Electronically Filed**
**7/22/2019 6:21 PM**
**District Clerk, Pam Heard**
**Aransas County, Texas**
**By: Stephanie Abbott**

EXHIBIT 2

3.    Defendant ZURICH is a foreign insurance company engaging in the business of insurance in the State of Texas.  This defendant may be served via certified mail, return receipt requested, by serving its Registered Agent, Corporation Service Company at 211 E 7th St., Ste. 620, Austin, Texas 78701.

## JURISDICTION

4.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5.    The Court has jurisdiction over Defendant ZURICH because the defendant is an insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

## VENUE

6.    Venue is proper in ARANSAS County, Texas, because the insured property is situated in ARANSAS County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

7.    Plaintiff is the owner of a Texas Homeowners Insurance Policy number TPP 3801293 (hereinafter referred to as "the Policy"), which was issued by ZURICH.

8.    Plaintiff owns the insured property, which is specifically located at 810-811 S Water St., Rockport, TX 78382, in Aransas County (hereinafter referred to as "the Property").

9.    ZURICH sold the Policy insuring the Property to Plaintiff.

10.    On or about August 25, 2017, a massive hurricane struck Aransas County,
       Texas, causing significant damage to many homes and businesses throughout
       the region, including Plaintiff's property. Plaintiff's home sustained damage
       to the roof, interior, front porch, exterior, garage and basement. As well as,
       the client's personal contents were extensively damaged during the
       hurricane. Shortly after the hurricane, Plaintiff submitted a claim to
       ZURICH against the Policy for the damage to the Property sustained as a
       result of the storm.   Plaintiff asked that ZURICH cover the cost of repairs
       to the Property pursuant to the Policy.

11.    The claim number assigned by ZURICH is 5630009568.

12.    Defendant ZURICH has failed to perform a reasonable or adequate
       inspection of the damages. As a result of Defendant ZURICH's inadequate
       adjustment of Plaintiff's property, Defendant ZURICH made the executive
       decision to deny and/or underpay most covered damages to the Plaintiff's
       property. If fact, Defendant ZURICH made the executive decision to deny
       coverage to the garage door, electric gate opener and guest building. To date,
       Plaintiff has not received the full payment amount due under the Policy, nor
       has he received any explanation from Defendant as to why they ultimately
       denied and underpaid Plaintiff's damages.

13.    As a result of the unreasonable investigation of Plaintiff's claim (including
       not providing full coverage for the damages sustained by Plaintiff and under-
       scoping the damages during its investigation, thus denying adequate and

sufficient payment to Plaintiff to repair his property), Plaintiff's claim was improperly and unreasonably adjusted. The mishandling of Plaintiff's claim has also caused a delay in his ability to make necessary repairs to the Property, which has resulted in additional and consequential damages. To date, Plaintiff has yet to receive the full payment to which he is entitled under the Policy.

14. As detailed in the paragraphs below, ZURICH wrongfully underpaid/denied Plaintiff's claim for repairs to the property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, ZURICH underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

15. To date, ZURICH continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid the full amount for the damages to the Property.

16. Defendant ZURICH failed to perform their contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, they refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. ZURICH's conduct constitutes a breach of the insurance contract between ZURICH and Plaintiff.

17. Defendant ZURICH misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant ZURICH conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18. Defendant ZURICH failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant ZURICH's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19. Defendant ZURICH failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant ZURICH failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant ZURICH did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant ZURICH's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

20. Defendant ZURICH failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in

writing from Defendant ZURICH. Defendant ZURICH conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4)

21.   Defendant ZURICH failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. ZURICH's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

22.   Defendant ZURICH failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. ZURICH's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

23.   Defendant ZURICH failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for its claim. ZURICH conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

24.   From and after the time Plaintiff's claim was presented to Defendant ZURICH, the liability of ZURICH to pay the full claim in accordance with the

terms of the Policy was reasonably clear. However, ZURICH has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. ZURICH conduct constitutes a breach of the common law duty of good faith and fair dealing.

25.  Defendant ZURICH knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

26.  As a result of Defendant ZURICH's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing him with respect to these causes of action.

## CAUSES OF ACTION:

## CAUSES OF ACTION AGAINST ZURICH

27.  Defendant ZURICH is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

28.  Defendant ZURICH's conduct constitutes a breach of the insurance contract made between ZURICH and Plaintiff.

29.  Defendant ZURICH's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy

in question, and under the laws of the State of Texas, constitutes a breach of ZURICH's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

30.   Defendant ZURICH's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

31.   Defendant ZURICH's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

32.   Defendant ZURICH's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Underwriters' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

33.   Defendant ZURICH unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(3).

34.   Defendant ZURICH unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

35.   Defendant ZURICH unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

36.   Defendant ZURICH's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

37.   Defendant ZURICH failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

38.    Defendant ZURICH failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

39.    Defendant ZURICH delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

40.    Defendant ZURICH conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

41.    Defendant ZURICH failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time ZURICH knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### NEGLIGENCE

42.    Plaintiff incorporates and re-alleges the paragraphs above herein. The Defendant breached duties of ordinary care owed to Plaintiff and wholly failed to exercise reasonable or ordinary care and was negligent in, among other acts and omissions, (i) Failing to procure the appropriate insurance coverage required and requested by Plaintiff. The negligent act, omission and conduct of the Defendant described herein above by which Defendant

breached such duty constitute a proximate cause of damages of Plaintiff for which Defendant is liable to Plaintiff.

## KNOWLEDGE

43. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

44. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

45. As previously mentioned, the damages caused by the storm have not been properly addressed or repaired in the time since the event, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant ZURICH's mishandling of Plaintiff's claim in violation of the laws set forth above.

46. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

47. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described

Case 2:19-cv-00245   Document 1-2   Filed on 08/23/19 in TXSD   Page 12 of 14

above, Plaintiff asks for three times its actual damages.   TEX. INS. CODE §541.152.

48.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

49.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

50.     For the prosecution and collection of its claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

51.     Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in ARANSAS County, Texas.

Page 12

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

52.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

### RULE 47 STATEMENT

53.     Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages. It is early in the case to be assessing the full nature and scope of Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands.

54.     Texas Rule of Civil Procedure 47, however, *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff states that monetary relief of over $200,000 but less than $1,000,000, in an amount to be determined by the jury, is being sought.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of its case, for all costs of Court on its behalf expended, for prejudgment and postjudgment interest as allowed by law, and

for any other and further relief, either at law or in equity, to which it may show itself justly entitled.

> Respectfully submitted,
>
> CARRIGAN & ANDERSON, PLLC
>
> /s/David M. Anderson
> **David M. Anderson**
> State Bar No. 24064815
> **Stephen P. Carrigan**
> State Bar No. 03877000
> 101 N. Shoreline Blvd., Suite 420
> Corpus Christi, Texas  78401
> (361) 884-4433 (Office)
> (361) 884-4434 (Facsimile)
> anderson@ccatriallaw.com
> scarrigan@ccatriallaw.com
> Legal assistant: wwatson@ccatriallaw.com
> Legal assistant: adominguez@ccatriallaw.com
> Legal assistant: egutierrez@ccatriallaw.com
>
> **ATTORNEY FOR PLAINTIFF**